*265 ORDER AFFIRMING ENROLLMENT COMMITTEE DETERMINATION
KATHARINE ENGLISH, Chief Judge.
I.ISSUE PRESENTED
Petitioner is appealing the Enrollment Committee’s decision to deny his application for enrollment in the Confederated Tribes of the Grand Ronde Community of Oregon. Mr. Miller’s claims on appeal are (1) that the Tribe’s Constitutional Amendment was arbitrary and capricious, or in violation of federal law because it denies membership to all new applicants born between 1954 and 1983 and (2) that his constitutional due process rights were violated because the Enrollment Committee was negligent in maintaining Tribal enrollment records.
II.BACKGROUND
On July 27, 1999, the Bureau of Indian Affairs (BIA) conducted an election by eligible Tribal members to amend the Tribal Constitution. At the election, the amendment was approved by a considerable majority of the Tribal membership. On September 14, 1999, the Secretary of the Interior approved the amendment and it became effective. The amendment altered, and in certain respects increased, the Tribal membership requirements. Following the effective date of the amendment, the Tribal Enrollment Committee applied that amendment to pending applications for Tribal membership, including Petitioner’s application filed on November 10, 1999.
The Enrollment Committee reviewed Mr. Miller’s enrollment application and denied the application because he did not meet the new Constitutional enrollment requirement that he have a parent who was a Tribal member at the time of his birth. Mr. Miller’s father did not become a member until 2000. Mr. Miller was informed of the Enrollment Committee’s initial decision by letter dated March 9, 2000, signed by the Tribal Council Chairperson. Mr. Miller requested the Enrollment Committee reconsider its decision by letter dated June 5, 2000. The Committee met to consider the Mr. Miller’s appeal of its initial decision and decided to uphold its earlier decision of denial. Mr. Miller was informed of the Enrollment Committee’s decision on reconsideration by letter date June 30, 2000, signed by Margo Merrier, Enrollment Coordinator. Mr. Miller then appealed the Enrollment Committee’s decision to this Court.
Petitioner has claimed, as set forth above, that the Enrollment Committee’s derision was wrong. Petitioner has asserted his claims and reasons why he believes the decision was in error. The Court assures Petitioner that it has read the record individually, and has carefully considered this case separately on its owm merits.
III.STANDARD OF REVIEW
In these proceedings, the Court’s standard of review is limited. The Court can reverse or remand only if it finds that the Enrollment Committee’s decision was “arbitrary and capricious or a violation of Tribal Constitutional rights.” Enrollment Ordinance § (d)(4)(H).
IV.ANALYSIS
The many cases before the Court involve a myriad of facts and claims. The Court has determined that the cases fall into two general categories: (1) those where the applications for enrollment were filed before the effective date of the Constitutional amendment, i.e. September 14, 1999, and (2) those where the applications were filed after that date. Applicants whose cases fall in the first category are *266 entitled to a remand to the Enrollment Committee to allow the Committee to reconsider the applications under the terms of the former Constitutional requirements for Tribal membership. Petitioner’s case falls into the second category and therefore Petitioner cannot prevail in this proceeding given the limitations on the Court’s scope of review and the deference to which the Tribe, its Tribal Council, and its Enrollment Committee are entitled.
Petitioner has advanced other claims, none of them legally persuasive, and one of which does not fit within the Court’s limited standard of review. The Court addresses those claims here.[1]
Due Process and Equal Protection. The Tribe did not deprive Petitioner of due process by considering his application under the new amendment. See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 61, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999) (under state workers’ compensation system, claimants do not have a property interest in payments for medical treatments for which they are eligible, but to which they are not yet entitled). Applying the new amendment also did not result in any equal protection violation. The Tribe has “the right to define its own membership for tribal purposes,” Santa, Clara Pueblo v. Martinez, 436 U.S. 49, 72 n. 32, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978), and the Tribe was simply exercising that right, and drawing reasonable distinctions, when its members voted to amend the constitution.
Petitioner claims that the new requirements are impossible to meet — that no person born during Termination could have a parent on the rolls of membership, as required now, as there was no membership roll during Termination. In fact, it appears that many persons born during Termination have been deemed to have a parent on the rolls — the roll as it existed at the time of Termination, and which was then carried over to the time of Restoration. This Court cannot repair the oversight that Mr. Nissan’s mother, who could have enrolled prior to Termination, did not.
Enrollment Committee Negligence. In addition, Petitioner claims that the Tribe was negligent in its duty to properly maintain the rolls and enrollment records, or in other ways derelict in its duty. Even if the Tribe has such a duty, this Court has no legal authority to determine or remedy alleged Tribal negligence.
That the Court has not accepted the arguments and pleas of this Petitioner, and of many of the Petitioners in these cases, does not mean that the Court is not moved by Petitioners’ often poignant complaints that families have been split, with some in the Tribe and some not, and that individuals have been cut off from a Tribe and a heritage that is meaningful and significant to them. But it is the Tribe’s responsibility to define its membership, not the Court’s. If those pleas are to have any effect, they must be made to the Tribal leadership and to the Tribal members who have the authority to shape the membership and the future of the Tribe. The Court has neither that responsibility nor that authority. The Court can only enforce *267 the law, as it has done in this opinion and in these eases.
V. CONCLUSION
The Enrollment Committee’s decision to deny Petitioner’s enrollment application was not arbitrary and capricious or a violation of Petitioner’s Constitutional rights.
IT IS HEREBY ORDERED:
The decision by the Enrollment Committee is affirmed.

. The Court has reversed and remanded those cases where the Petitioners’ applications were filed prior to the effective date of the Constitutional amendment because the Enrollment Committee should have applied the prior constitutional requirements when making their determination. These opinions are available on the Tribe's website and through the Tribal Court Clerk's office. These opinions address other claims that Petitioner's but because of this Petitioner’s demonstrated keen interest in these cases, the Court directs him to these opinions for his own interest.