OPINION
MILLER, Chief Justice.
The Confederated Tribes of the Grand Ronde Community of Oregon appeal the decision of the trial court remanding this case to the Enrollment Committee to apply the 1997 enrollment ordinance and the 1984 constitutional enrollment requirements to Mary Loy’s enrollment application. We exercise jurisdiction pursuant to Tribal Code § 310(h)(2) and AFFIRM, although on different grounds than those relied upon by the trial court.
I.Facts
Ms. Loy submitted an application for tribal enrollment on December 1,1998. In accordance with the Grand Ronde constitutional enrollment requirement that an applicant not be “an enrolled member of any other organized tribe, band, or Indian community officially recognized by the Secretary of the Interior,” Grand Ronde Constitution, Art. V, § 2 (1984), Loy relinquished her citizenship in the Siletz Tribe by signing a membership relinquishment form on August 20, 1998. The Siletz Tribal Council accepted her relinquishment on September 26,1998.
Under the enrollment ordinance in place when Ms. Loy filed her application in December 1998 and the current ordinance, “[t]o be accepted as a member by the Tribe, the applicant ... must for one year have fully and unconditionally relinquished membership in any other Indian Tribe.” Tribal Code § 4.10(b)(4). In accordance with that provision, the Grand Ronde Enrollment Committee waited the one year from Loy’s relinquishment of membership in the Siletz Tribe to consider her application. The Enrollment Committee then denied her application on December 1, 1999 under the new 1999 constitutional enrollment requirements adopted by a tribal membership vote on July 27, 1999 and made effective in September 1999. On Loy!s appeal, the trial court reversed and remanded, ordering the Enrollment Committee to apply the pre-September 1999 enrollment criteria to Loy’s application. The Tribe now appeals.
II. Issue
After hearing oral argument in this case, we requested supplemental briefing on the validity of the 1997 enrollment ordinance’s requirement that before an enrollment application will be considered, one year must have passed from the time the applicant has relinquished enrollment in another tribe, given the absence of such a requirement in the 1984 Grand Ronde Constitution. We address that issue.
III. Standard of Review
We review de novo the trial court’s order reversing the Enrollment Committee’s decision. See Tribal Code § 4.10(d)(4)(H) (providing for this Court’s de novo review *134 of the Enrollment Committee’s decision). In this context, de novo review means that we view the case from the same position as the trial court. See Turtle Island Restoration Network v. National Marine Fisheries Service, 340 F.3d 969, 973 (9th Cir. 2003) (“De novo review of a district court judgment concerning a decision of an administrative agency means the court views the case from the same position as the district court.”) The scope of our review also is governed by ⅜ 4.10(d)(4)(H), which provides that the trial court and this Court may set aside an Enrollment Committee decision only if it “was arbitrary and capricious or a violation of Tribal Constitutional rights.” This Court, therefore, has authority to review a decision of the Enrollment Committee and remand for reconsideration if the decision was “a violation of Tribal Constitutional rights.” We also have the constitutionally granted authority “to review and overturn tribal legislative and executive actions for violation of [the Grand Ronde] Constitution or the Indian Civil Rights Act of 1968.” Grand Ronde Constitution, Art. IV, § 3.
IV. Discussion
The Enrollment Committee was required to wait at least one year after Loy relinquished her Siletz tribal membership before considering her Grand Ronde enrollment application. Tribal Code § 4.10(b)(4). We must address whether the Tribal Council had the authority to legislatively adopt this one-year waiting period, given the absence of such a requirement in the 1984 Grand Ronde Constitution, which stated with respect to dual membership:
Section 1. Requirements. The membership of the Confederated Tribes of the Grand Ronde Community of Oregon shall consist of all persons who are not enrolled as members of another recognized tribe, band or community and....
Sec. 2. Dual Membership Prohibited. No person who is an enrolled member of any other organized tribe, band, or Indian community officially recognized by the Secretary of the Interior shall be qualified for membership in the Confederated Tribes of the Grand Ronde Community of Oregon, unless he or she has relinquished in writing his or her membership in such tribe, band or community.
Grand Ronde Constitution, Art. V, §§ 1, 2 (1984).
We are well aware that we are to presume the constitutional validity of statutes, United States v. Harris, 185 F.3d 999, 1003 (9th Cir. 1999), and that we are to reasonably construe statutes so as to avoid constitutional questions if possible. Zadvydas v. Davis, 533 U.S. 678, 689, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). In this situation, however, we are convinced that we must squarely face the question of the constitutionality of the Tribal Council adding a one-year waiting period from the date an enrollment applicant has relinquished membership in another tribe.
The Constitution required the Tribal Council to “enact an ordinance establishing procedures for processing membership matters, including but not limited to application procedures....” Grand Ronde Constitution, Art. V, § 3. The Tribe argues that the one-year waiting period is only a procedural requirement authorized under the foregoing provision. We disagree.
The Tribe quotes Black’s Law Dictionary 1121, 1443 (7th ed.1999) for definitions of “procedural law” and “substantive law.” Using the same definition for substantive law, we view the one-year waiting period as being substantive because it “creates, defines, and regulates” the eligi *135 bility requirements for tribal membership.[2] That conclusion is supported by the voters’ subsequent amendment of Article V in 1999, which, in addition to changing the enrollment criteria, added the one-year waiting period as a requirement for those applicants who have relinquished membership in other recognized tribes. See Grand Ronde Constitution, Art. V, §§ 1, 2 (1999). In addition, the sample ballot distributed to tribal voters indicated that the Constitutional amendment was designed “to increase requirements for enrollment” in the Tribe. The Tribal Council did not, and does not, have the authority to create by ordinance membership requirements inconsistent with those expressly defined in the Constitution. The Tribal Council could no more add the one-year waiting period to the membership requirements than it could change the Indian blood quantum the Constitution requires.
Consequently, we hold that the Tribal Council exceeded its constitutional authority and violated the 1984 Grand Ronde Constitution when it added as a membership requirement a one-year relinquishment waiting period that was not contained in the Constitution. Thus, Ms. Loy did not have to wait the one-year period to have her application considered by the Enrollment Committee. Accordingly, her enrollment application should have been considered no later than June 1, 1999, a regularly scheduled meeting of the Committee, under the 1984 constitutional membership requirements. The Committee therefore violated her constitutional rights when, in rejecting her enrollment application, it applied the enrollment criteria adopted by constitutional amendment in 1999.
V. Conclusion
For the foregoing reasons, we AFFIRM the trial court’s decision remanding Loy’s case to the Enrollment Committee to consider her application for enrollment under the requirements of the 1984 Tribal Constitution and the 1997 Enrollment Ordinance. The Committee should not apply the one-year waiting period.
I CONCUR: DAVID B. THOMPSON, Associate Justice.

. In several situations courts have found that time limits and "waiting periods” can be substantive matters instead of procedural. See Selfridge v. Multiple Injury Trust Fund, 42 P.3d 1240 (Okla.Civ.App.2001); Jenkins v. Mashantucket Pequot Gaming Enterprise, 1 Mash.Rep. 9, 1 Mash. 7 (1993); Ecker v.Town of West Hartford, 205 Conn. 219, 530 A.2d 1056 (1987) (the court agreed that the partic-ufar "time limitation is a substantive element of the right itself'); May v. Secretary of Health and Human Services, 1995 WL 298554 (Fed. Cl. 1995); Lundgren v. McDaniel, 814 F.2d 600, 606 (11th Cir. 1987) (a waiting period can be substantive law); People v. Woodson, 74 Cal.App.4th 1165, 88 Cal.Rptr.2d 692, 694 (1999); Robinette v. Robinette, 41 Ohio App.3d 25, 534 N.E.2d 386, 388 (1988).