*110 ORDER REMANDING ENROLLMENT COMMITTEE DETERMINATION
KATHARINE ENGLISH, Chief Judge.
I. INTRODUCTION; BACKGROUND
The procedural setting of this case is both somewhat unusual and somewhat complicated.[1] Identifying the issue before the Court thus requires more extensive discussion than might be true in many cases.
Petitioner appeals from the Enrollment Committee’s decision to deny her application for enrollment in the Confederated Tribes of the Grand Ronde Community of Oregon (Tribe). The basis of the Enrollment Committee’s (Committee) decision is not entirely clear. The letter from the Committee to Petitioner simply says that her application is denied “due to the fact that the provisions of the amended constitution have not been met.” Other documents in the record, however, indicate that her application was denied because she does not have a parent who was enrolled in the Tribe at the time of her birth or at the time of her application. In addition, another document adds that Petitioner’s application was denied because she was “born during Termination years.”
On July 27, 1999, at an election by eligible Tribal members, an amendment was approved that altered, and in certain respects increased, the requirements for membership in the ’Tribe. The amendment later was approved by the Secretary of the Interior in September 1999, and it became effective. Among the new provisions was a requirement that an applicant have a parent who was a Tribal member at the time of his birth.
After her application for enrollment was denied, Petitioner sought judicial review in this Court, appearing pro se. After the Tribe complained that it could not tell what claim(s) Petitioner was raising, the parties and the Court conferred, and the Court determined that Petitioner’s claims would “be framed more clearly” as follows:
1. Petitioner/Applicant alleges that his/ her constitutional rights were violated, and that the Enrollment Committee’s decision was arbitrary and capricious because the Enrollment Committee retroactively applied the wrong version of the Tribal Constitution in making their enrollment decision. Petitioner/Applicant claims that the Constitution in effect at the time Petitioner submitted [her] application should have been applied to [her] application.
2. Petitioner/Applicant alleges that the Tribe’s Constitutional Amendment is unconstitutional under federal law and the application of the Amendment is arbitrary and capricious because it denies membership to all new applicants born between 1954 and 1983 (Termination).
In earlier decisions, this Court has rejected claims indistinguishable from the second one identified above. See, e.g., In the Matter of Daniel Miller, Case No. C-00-07-913, 2001 WL 36155772, 3 Am. Tribal Law 264 (2001) (rejecting claims, and finding that “many persons born during Termination have been deemed to have a parent on the rolls—the roll as it existed at the time of Termination, and w'hich was then earned over to the time of Restoration”). Thus, as to that precise issue raised by Petitioner, Miller controls and Petitioner cannot prevail.
*111 Recent Court of Appeals cases also may bear on the outcome here. In Ballini v. Confederated Tribes of Grand, Ronde, App Case No. A-01-08-020, 2003 WL 25756368, 4 Am. Tribal Law 107 (2003), the Court of Appeals held that the provisions of the 1999 constitutional amendment affecting the enrollment requirements permissibly could be applied to applicants who submitted their applications before the effective date of the amendment. In a subsequent unpublished decision—relied on by the Tribe in this case—the Court “considered and rejected [the applicant’s] contention that she filed a complete application by June 1, 1999, the deadline for consideration of an enrollment applicaiimi under the pre-amended version of the enrollment ordinance.” Tywman v. Confederated, Tribes of Grand Ronde, App Case No. A-10-08-008 (2004) (unpublished). Because she had not done so, the Court relied on Ballini and upheld the denial of her membership application. In this case, the Tribe argues that Tywman controls. “As in Tywman,” the Tribe contends, “Petitioner did not file a complete application by the June 1, 1999, deadline for consideration of her application under the pre-amendment enrollment requirements.”
Yet another recent Court of Appeals decision may be pertinent here. After Petitioner filed her petition and clarified the issues she wished to raise, in Loy v. Confederated Tribes of Grand, Ronde, App Case No. A-01-08-024, 2003 WL 25756096, 4 Am. Tribal Law 132 (2003), the Court of Appeals affirmed this Court, on a different basis. A 1997 Enrollment Ordinance required that, before an enrollment application could be considered, one year must have passed from the time the applicant relinquished enrollment in another tribe. That requirement had been applied in Loy’s case, but the Court of Appeals held that the provision of the Ordinance was invalid because it was adopted when the Tribal Constitution contained no such requirement.
The Tribal Council did not, and does not, have the authority to create by ordinance membership requirements inconsistent with those expressly defined in the Constitution. The Tribal Council could no more add the one-year waiting period to the membership requirements than it could change the Indian blood quantum the Constitution requires.
hoy opinion at 5, 4 Am. Tribal Law at 135.
Because the one-year waiting period was not valid, Loy “did not have to wait the one-year period to have her application considered by the Enrollment Committee.” Id. Since the Committee made her wait, however, they considered her application after the 1999 constitutional amendment and under its terms, rather than before the date of the amendment. Because the Committee should have considered the application “under the requirements of the 1984 Tribal Constitution and the 1997 Enrollment Ordinance,” the Court remanded the case to the Committee. The Committee was told “not [to] apply the one-year waiting period.” Id. at 6, 4 Am. Tribal Law at 135.
Petitioner’s application in this case was dated May 20, 1999. It was received by the Tribe on May 27, 1999. In the application, Petitioner admitted that she was enrolled in another Tribe, specifically the Klamath Tribe. In the record submitted to this Court, immediately adjacent to Petitioner’s application is a copy of Petitioner’s birth certificate, her Oregon identification card, and her social security card. Also in the record is a Tribal form, noting that Petitioner’s application did not include all the required “birth documentation.” Specifically, her “mother’s birth certificate *112 [was needed] to prove decendency [sic ].”[2] A decree regarding the adoption of Petitioner’s mother was received by the Tribe on June 24, 1999, apparently having been sent by the Klamath Tribe. The record also includes a copy of Petitioner’s mother’s birth certifícate. It is not clear when it was received or who sent it.
As noted, Petitioner acknowledged on her application that she was a member of the Klamath Tribe. The record includes a “relinquishment of tribal enrollment form,” signed by Petitioner on May 24, 1999, “requesting] that [her] membership in [the Klamath] Tribe be terminated subject to the acceptance of my application for membership in the Grand Ronde Tribe, and that [her] name by stricken from the Kla-math tribal roll.” The form expresses her “desire [to] have no further affiliation with the Klamath Tribes[.]”
It is not clear whether the one-year waiting period was applied in Petitioner’s case. Applying that period was impermissible if Loy applies. In the Tribe’s initial brief, the Tribe asserted that her “application was held in abeyance until [she] met the requirement that she unconditionally relinquish membership in the Klamath Tribe for one full year as required by [sic ] for acceptance under the Enrollment Ordinance in effect at the time of application.” In a supplemental brief, however, the Tribe argues that Loy is distinguishable and that Tywrnan controls instead because Petitioner did not complete her application until after the June 1,1999, deadline.
As in Tywrnan, Petitioner did not file a complete application by the June 1, 1999 deadline for consideration of her application under the pre-amendment requirements. On June 1, 1999, her application did not include a birth certificate, necessary adoption records, or evidence of relinquishment from the Klamath Tribe.
The issue thus becomes whether Tyw-man or Loy applies here.[3] For the reasons given below, the Court determines that it cannot answer that question based on the record provided. The Court, therefore, remands the matter to the Enrollment Committee.
II. STANDARD OF REVIEW
In proceedings challenging the decisions of the Enrollment Committee, this Court’s standard of review is limited. The Court can reverse or remand only if it finds that the Committee’s decision was “arbitrary and capricious or a violation of Tribal Constitutional rights.” Enrollment Ordinance § 4.10(d)(4)(H).
III. ANALYSIS
Although the Court’s standard of review is limited, it is axiomatic that an action must be arbitrary and capricious if based on an invalid provision of law, such as the one-year waiting period as it existed before the 1999 constitutional amendment. Loy. Moreover, as the Court held in Loy, “the Tribal Council exceeded its constitutional authority and violated the 1984 Grand Ronde Constitution when it added as a membership requirement a one-year relinquishment waiting period that was not contained in the Constitution.” Loy at 5, 4 Am. Tribal Law at 135. On the other hand, if Petitioner’s enrollment application was not complete as of June 1, 1999, it matters not whether the one-year waiting period was applied in her case. The tardy sub *113 mission of her application would be the determining factor. The questions presented in this case thus narrow to the issue of whether Petitioner’s application was “complete” on June 1, 1999, and whether she was subjected to the impermissible one-year waiting period.
A remand is necessary in this case because the record is not adequate to allow the Court to answer either question. The Tribe insists that it is clear that Petitioner’s application was not complete on June 1, 1999, because she had not submitted a birth certificate, “necessary adoption records, or evidence of relinquishment from the Klamath Tribe.” Although Petitioner submitted the relinquishment form, expressing her intent to relinquish her Kla-math tribal membership, the Tribe complains that she provided no evidence “showing that her membership in Klamath had been relinquished” in fact.
Maybe so, but the record is not as clear as the Tribe suggests. The form that Tribal staff sent back to Petitioner indicates that it is the applicant’s, not someone eise’s, “birth documentation” that must be provided. In a handwritten note, the form adds that Petitioner should provide her mother’s birth certificate. That document is in the record, but it is not clear when it was received by the Tribe. Petitioner’s mother’s adoption records apparently were received after June 1, 1999, but the Tribe did not specifically ask Petitioner to provide those (and it is not clear whether she necessarily had access to them). The Enrollment Ordinance states that “[documents evidencing eligibility for enrollment shall accompany the application.” Tribal Code § 4.10(d)(2). The Ordinance does not identify the documents that must be provided. Nor does the Ordinance specify whether an application will be viewed as incomplete until all required documents have been provided.
Admittedly, the Ordinance clearly gives enrollment staff “the authority to require applicants to furnish such additional evidence or proof as is necessary to make a determination.” The issue, however, is not whether staff had the authority to ask for or to seek more documentation in Petitioner’s case, but when some of that documentation was received, and when Petitioner’s application should be viewed as being “complete.”[4] The Court simply cannot make those determinations based on this record. In that respect, this case is unlike Tywman, where the Enrollment Committee specifically found that the Petitioner had not submitted her own birth certificate before the June 1, 1999, deadline. No such finding was made in this case, and the Committee should have the opportunity to deal with these factual questions in the first instance.
The significance of the relinquishment form submitted by Petitioner is also unclear. The Tribe suggests that it may not have served to, in fact, relinquish Petitioner’s membership in the Klamath Tribe. Petitioner, however, has asserted that she has relinquished her membership in that Tribe. Again, the record does not permit the Court to resolve this dispute with any sense of confidence in the outcome. Thus, a remand is appropriate.[5]
In part because it is not clear when Petitioner’s application was complete, it is *114 not possible to determine whether the one-year waiting period was applied to her. As noted, in this case the Tribe first indicated that the waiting period had been applied, but the Tribe now seeks to distinguish Loy and contends that the waiting period did not apply here. If, on remand, the Enrollment Committee determines that Petitioner’s application was complete on June 1, 1999, and if Petitioner raises the issue, the Committee should proceed to decide whether the one-year waiting period was applied in her case. If the waiting period was applied impermissibly, the Committee should consider Petitioner’s application for enrollment under the terms of the 1984 Tribal Constitution and the 1997 Enrollment Ordinance. If Petitioner’s application was not complete on June 1, 1999, or if the one-year waiting period was not applied in Petitioner’s case, then the 1999 constitutional amendment applies.
IV. CONCLUSION
For the reasons given above, this Court hereby remands this case to the Enrollment Committee.

. This case is, however, somewhat similar to the two Gomez cases also decided this day.

. Petitioner’s mother was adopted.

. The Tribe does not consider whether it is permissible to cite and rely on unpublished Court of Appeals decisions. Because the Tribe’s reliance on Tywrnan does not prove to be determinative here, neither does this Court.

. The Tribe never told Petitioner that her application was being denied because she had not provided adequate documentation.

. The Tribe also argues that, no matter which version of the law applies, Petitioner’s application was correctly rejected because she was, and still may be, a member of the Kla-math Tribe. Again, the record is not adequate to answer that question.