*123 ORDER REMANDING ENROLLMENT COMMITTEE DETERMINATION
KATHARINE ENGLISH, Chief Judge.
I. INTRODUCTION; BACKGROUND
The procedural setting of this case is both somewhat unusual and somewhat complicated.[1] Identifying the issue before the Court thus requires more extensive discussion than might be true in many cases.
Petitioner, appearing on behalf of her two children, appeals from the Enrollment Committee’s (Committee) decision to deny their applications for enrollment in the Confederated Tribes of the Grand Ronde Community of Oregon (Tribe). The basis of the Committee’s decision is not entirely clear. The letters from the Committee to the applicants simply say that each of their applications is denied “due to the fact that the provisions of the Amended Constitution have not been met.” Other documents in the record, however, indicate that their applications were denied because each applicant did not have a parent who was enrolled in the Tribe at the time of his or her birth.
On July 27, 1999, at an election by eligible Tribal members, an amendment was approved that altered, and in certain re-speets increased, the requirements for membership in the Tribe. The amendment later was approved by the Secretary of the Interior in September 1999, and it became effective. Among the new provisions was a requirement that an applicant have a parent who was a Tribal member at the time of his birth.
After their applications for enrollment were denied, Petitioner sought judicial review in this Court, appearing pro se. After the Tribe complained that it could not tell what claim(s) Petitioner was raising, the parties and the Court conferred, and the Court determined that Petitioner’s claim would “be framed more dearly” as being “that the Tribe’s Constitutional Amendment is unconstitutional under federal law and the application of the Amendment is arbitrary and capricious because it denies membership to all new applicants born between 1954 and 1983 (Termination).”
In earlier decisions, this Court has rejected claims indistinguishable from the one identified above. See, e.g., In the Matter of Daniel Miller, Case No. C-Q0-07-013, 3 Am. Tribal 264 (Grand Ronde Tribal Ct.2001) (rejecting claims, and finding that “many persons born during Termination have been deemed to have a parent on the rolls—the roll as it existed at the time of Termination, and which was then carried over to the time of Restoration”). Thus, as to the precise issue raised by Petitioner, Miller controls and Petitioner and the applicants cannot prevail.
The legal landscape changed after Petitioner filed her petition and clarified the issue she wished to raise, however. In Loy v. Confederated Tribes of Grand Ronde, No. A-01-08-024, 4 Am. Tribal *124 Law 132 (Grand Ronde Tribal Ct.2003), the Court of Appeals affirmed this Court, but on a different basis. A 1997 Enrollment Ordinance required that, before an enrollment application could be considered, one year must have passed from the time the applicant relinquished enrollment in another tribe. That requirement had been applied. in Loy’s case, but the Court of Appeals held that the provision of the Ordinance was invalid because it was adopted when the Tribal Constitution contained no such requirement.
The Tribal Council did not, and does not, have the authority to create by ordinance membership requirements inconsistent with those expressly defined in the Constitution. The Tribal Council could no more add the one-year waiting period to the membership requirements than it could change the Indian blood quantum the Constitution requires.
Loy, 4 Am. Tribal Law at 135, 2001 WL 36155142, *3.
Because the one-year waiting period was not valid, Loy “did not have to wait the one-year period to have her application considered by the Enrollment Committee.” Id. Since the Committee made her wait, however, they considered her application after the 1999 constitutional amendment and under its terms, rather than before the date of the amendment. Because the Committee should have considered the application “under the requirements of the 1984 Tribal Constitution and the 1997 Enrollment Ordinance,” the Court remanded the case to the Committee. The Committee was told “not [to] apply the one-year waiting period.” Id. at 3 Am. Tribal Law at 164-65, 2001 WL 36155142, *3-4.
As explained in more detail below, the applicants in this case filed their applications in October 1997, when they both were members of the Chehalis Tribe. The one-year waiting period also appears to have been applied to each of them. Applying that period was impermissible if Loy applies. The issue thus becomes whether Loy applies here when Petitioner and the applicants never explicitly challenged the waiting period. For the reasons given below, the Court concludes that Loy applies and that this case must be remanded to the Enrollment Committee.
II. STANDARD OF REVIEW
In proceedings challenging the decisions of the Enrollment Committee, this Court’s standard of review is limited. The Court can reverse or remand only if it finds that the Committee’s decision was “arbitrary and capricious or a violation of Tribal Constitutional rights.” Enrollment Ordinance § 4.10(d)(4)(H).
III. ANALYSIS
Although the Court’s standard of review is limited, it is axiomatic that an action must be arbitrary and capricious if based on an invalid provision of law, such as the one-year waiting period as it existed before the 1999 constitutional amendment. Loy. Moreover, as the Court held in Loy, “the Tribal Council exceeded its constitutional authority and violated the 1984 Grand Ronde Constitution when it added as a membership requirement a one-year relinquishment waiting period that was not contained in the Constitution.” Loy, at 3 Am. Tribal Law at 164, 2001 WL 36155142, *3. The questions presented in this case thus narrow to the issue of whether the applicants were subjected to the impermissible one-year waiting period and, if they were, whether the Court should consider that fact now despite the absence of any specific complaint by Petitioner or the applicants.
*125 The answer to the first question appears to be “yes.” The applications were submitted in October 1997. At that time, each applicant was a member of the Chehalis Tribe. The Tribe’s brief admits that “[t]he applications were held in abeyance until [the applicants] met the requirement that they unconditionally relinquish membership in the Chehalis Tribe for one full year as required for acceptance under the Enrollment Ordinance in effect at the time of their application.” As discussed, Loy holds that provision of the ordinance was invalid. In January 1998, the applicants each signed a relinquishment form expressing his or her intent to relinquish his or her membership rights in the Chehalis Tribe and to enroll in the Confederated Tribes of the Grand Ronde. In November 1998, a Committee of the Chehalis Tribe entered a resolution approving both applicants’ relinquishment of his or her membership in that Tribe. Although the Loy opinion found that “a regularly scheduled meeting of the Committee” was held on June 1, 1999—at which the applicants’ applications, as well as Loy’s, apparently could have been considered but for the one-year waiting period—the Committee did not consider these applications until August 2000. The Committee reached its final decisions in February 2001.
Although, as noted above, it “appears” that the one-year waiting period was applied in the applicants’ cases, there may be some lingering uncertainty about that fact. The Chehalis relinquishment form provides, in standard language not added by the applicants, that the relinquishment “shall not be effective until enrollment [in the Confederated Tribes of the Grand Ronde] is granted.” (Original emphasis deleted). The Chehalis resolution recites that the applicants, and others, “may be removed from the Chehalis Tribal rolls.” Someone struck the typed word “will” from the resolution and substituted the handwritten “may.” Although the one-year waiting period was not in the 1984 Tribal Constitution, the Constitution did prohibit dual tribal membership, not allowing anyone “who is an enrolled member of any other recognized tribe, band, or Indian community” to join “unless he or she has relinquished in writing his or her membership in such tribe, band or community.” Grand Ronde Constitution, Art. V., § 2 (1984).
Thus, there may be some question whether action on the applicants’ applications was delayed by the waiting period or because of the belief that they not yet formally “relinquished in wilting” their membership in the Chehalis Tribe.[2] Because such doubts may linger, and because neither the applicants nor the Tribe has yet had the opportunity to confront that issue directly in this case, on remand— which the Court will order, as explained below—the Enrollment Committee may consider that issue if the Tribe contends that it was not the one-year waiting period that led to the delay in considering the applicants’ applications.
The issue thus narrows once again. The remaining question is whether the Court should consider and apply the Court of Appeals decision in Loy, even though Petitioner never has explicitly complained that the invalid one-year waiting period was applied to the applicants. In the situ *126 ation presented here, the Court concludes that applying Loy is the correct course.
The issue raised and decided by the Court of Appeals in Loy is one that the parties in that case, and in other related enrollment cases, had not seen or anticipated. The issue arose only after oral argument in Loy, when the Court “requested supplemental briefing on the validity of the 1997 Enrollment Ordinance’s requirement that before an enrollment application will be considered, one year must have passed from the time the applicant has relinquished enrollment in another tribe[.]” Loy at 3 Am. Tribal Law at 162, 163-64, 2001 WL 36155142, *1. Because the Court was willing to raise the issue itself in Loy, and the issue had not been anticipated, it would seem unfair to fault Petitioner, who appears pro se, for failing to discover the issue on her own or to have predicted the Court of Appeals decision.
Moreover, because there will be a remand in this case, neither Petitioner, the applicants, the Tribe, or the Enrollment Committee is barred from making a record or debating the issue. Any possibility of unfairness to the Tribe or the Committee is thus lessened, if not eliminated. On the other hand, if the applicants’ applications were delayed by the one-year waiting period—a period that could not permissibly be applied in their cases—they have had to face a hurdle that never should have confronted them. And, had that hurdle not been placed in their path, it appeal's that their applications would have been considered before the 1999 constitutional amendment was approved or became effective. The Tribe can have no legitimate interest in impermissibly applying an invalid law to applicants for Tribal membership.
Thus, on balance, the Court concludes that the best course is to remand this case to the Enrollment Committee to consider whether the one-year waiting period was applied in the applicants' cases. If the Tribe admits it was, or if the Committee so determines, then the Committee should consider the applicants’ applications for enrollment under the terms of the 1984 Tribal Constitution and the 1997 Enrollment Ordinance. If the one-year waiting period was not applied in the applicants’ eases, then the 1999 constitutional amendment applies.
IV. CONCLUSION
For the reasons given above, this Court hereby remands this case to the Enrollment Committee.

. This case is, however, very similar to the Jason Gomez case decided today and somewhat similar to the Norwest case.

. The Court notes, however, that the latter explanation seems to be undercut by the fact that the Committee at some point went ahead and considered the applicants’ applications. If the fatal flaw were the lack of a sufficiently formal and final relinquishment, it would seem as though the Committee would simply have continued to wait for such a relinquishment.